**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 22-6096**

MARC PIERRE HALL,

   Petitioner - Appellant,

  v.

UNITED STATES OF AMERICA,

   Respondent - Appellee.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:21-cv-00210-JPB-JPM)

Submitted:  March 24, 2022         Decided:  March 29, 2022

Before MOTZ, WYNN, and RICHARDSON, Circuit Judges.

Affirmed as modified by unpublished per curiam opinion.

Marc Pierre Hall, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marc Pierre Hall, a federal prisoner, appeals the district court's order dismissing his 28 U.S.C. § 2241 petition in which he sought to challenge his sentence by way of the savings clause in 28 U.S.C. § 2255. Pursuant to § 2255(e), a prisoner may challenge his sentence in a traditional writ of habeas corpus pursuant to § 2241 if a § 2255 motion would be inadequate or ineffective to test the legality of his detention.

> [Section] 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

We have reviewed the record and find no reversible error. Accordingly, we affirm the district court's judgment. However, we modify the dismissal order, *Hall v. United States*, No. 5:21-cv-00210-JPB-JPM (N.D.W. Va. Jan. 18, 2022), to reflect that the dismissal is without prejudice for lack of jurisdiction, *see Wheeler*, 886 F.3d at 426 (holding that "the savings clause requirements are jurisdictional"); *Ali v. Hogan*, ___ F.4th ___, ___, No. 20-2266, 2022 WL 497346, at *10 (4th Cir. Feb. 18, 2022) (explaining that "a dismissal for lack of standing—or any other defect in subject matter jurisdiction—must be one without prejudice" (cleaned up)). We deny Hall's motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are

2

adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AS MODIFIED*